FILED - GR
February 3, 2014 3:31 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_mkc /_____ SCANNED BY: /s/

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

1:14-cv-112

Robert J. Jonker
U.S. District Judge

JAMES JOSEPH CONWAY, JR.
Plaintiff,

v                                              File No. 14-    -CV-

SAMUELS LAW OFFICES, PLLC,
and STACY FLANERY, Defendants.

---

GEORGE R. THOMPSON (P29289)
Thompson O'Neil, P.C.
Attorneys for Plaintiff James Joseph Conway, Jr.
309 East Front Street
Traverse City, MI 49684
231.929.9700
Thompson@ThompsonOneilLaw.com

---

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved
civil action arising out of the transaction
or occurrence alleged in the complaint.

NOW COMES Plaintiff James Joseph Conway, Jr., by and through his attorneys, Thompson O'Neil P.C., and complains of Defendants Samuels Law Offices, PLLC and Stacy Flanery, as follows:

1) Plaintiff JAMES JOSEPH CONWAY, JR. (hereinafter referred to as "CONWAY" was formerly a resident of Mecosta County, and is currently a resident of Collier County, Florida.

THOMPSON
O'NEIL
A PROFESSIONAL
CORPORATION
LAW OFFICES
309 E. FRONT STREET
TRAVERSE CITY, MI 49684
TELEPHONE: (231) 929-9700
FACSIMILE: (231) 929-7262

2) Defendant SAMUELS LAW OFFICES, PLLC is a licensed Michigan Professional Limited Liability Corporation having its registered office in Michigan, and providing services to the public in Mecosta County. The said SAMUELS LAW OFFICES, PLLC (hereinafter referred to as "SAMUELS") represents to the public that it provides competent, specialized representation in matters of family law and divorce.

3) Defendant STACY FLANERY (hereinafter "FLANERY") is a licensed attorney who, during the calendar years 2011 and 2012, practiced law in Mecosta County, Michigan, and who held herself out to the public, and to Plaintiff, as a specialist in the practice of family law and divorce.

4) During the above calendar years, Plaintiff CONWAY engaged Defendant FLANERY and the law firm Defendant SAMUELS to represent him in responding to a divorce action filed by his then-wife.

5) The above divorce action was concluded by entry of a Judgment of Divorce on November 8, 2012.

6) Upon information and belief, during the pendency of the above divorce action and her representation of Plaintiff CONWAY, Defendant FLANERY was an employee and agent of Defendant SAMUELS LAW OFFICES, PLLC, and appeared in Plaintiff's divorce as an agent or employee of Defendant SAMUELS.

THOMPSON O'NEIL
A PROFESSIONAL CORPORATION
LAW OFFICES
309 E. FRONT STREET
TRAVERSE CITY, MI 49684
TELEPHONE: (231) 929-9700
FACSIMILE: (231) 929-7262

7) If Defendant FLANERY was not an employee of Defendant SAMUELS, she was the apparent and ostensible agent of Defendant Professional Corporation.

8) The representation which is the subject of this Complaint occurred during the calendar year of 2012 and the specific professional negligence which is the subject of this claim occurred during February of 2012 when Defendants failed to timely respond to discovery, and in particular to Requests for Admission.

9) Defendants continued to represent Plaintiff in the above divorce action through the entry of Judgment of Divorce in November of 2012.

10) The acts and omissions complained of herein occurred in Mecosta County, Michigan, when Defendants provided negligent professional representation in the Circuit Court of that County during the pendency of Plaintiff's divorce action.

11) The amount in controversy exceeds seventy-five-thousand-dollars ($75,000.00). This matter is otherwise within the jurisdiction of this Court because of the amount at issue, which includes fees in excess of $100,000.00 incurred in an attempt to address Defendants' negligence, and complete diversity of citizenship.

THOMPSON O'NEIL
A PROFESSIONAL CORPORATION
LAW OFFICES
309 E. FRONT STREET
TRAVERSE CITY, MI 49684

TELEPHONE: (231) 929-9700
FACSIMILE: (231) 929-7262

12) Defendant Professional Corporation and Defendant FLANERY are jointly and severally responsible for all damages suffered by Plaintiff CONWAY as a result of the negligence of FLANERY or SAMUELS, as both Defendants expressly assumed the duty to provide professional representation to Plaintiff, and SAMUELS is vicariously responsible for the actions of FLANERY.

## COMMON FACTS UNDERLYING THE INSTANT CLAIM

13) The above facts alleged in paragraphs 1 through 12 are incorporated herein, as though re-alleged in full.

14) On or about February 20, 2012, Plaintiff's ex-wife's attorneys filed Requests to Admit in Plaintiff's pending divorce action.

15) The above requests, attached as Exhibit 1, sought numerous admissions about the parties' marital and separate property, which admissions were inaccurate and which would be disadvantageous to Plaintiff CONWAY in the resolution of the pending divorce, if admitted or deemed admitted.

16) Pursuant to Michigan Court Rules, MCR 2.312, Plaintiff CONWAY and his attorneys were obligated to respond to the requests contained in Exhibit 1 within 28 days or the requested admissions would be deemed admitted.

THOMPSON O'NEIL
A PROFESSIONAL CORPORATION
LAW OFFICES
309 E. FRONT STREET
TRAVERSE CITY, MI 49684
TELEPHONE: (231) 929-9700
FACSIMILE: (231) 929-7262

17) The above requests were served upon Defendants, as counsel for Plaintiff CONWAY, and the attorney Defendants sought input from Plaintiff CONWAY to enable them to respond.

18) Plaintiff CONWAY timely provided his attorneys, Defendants herein, with abundant information from which appropriate denials could be composed and made himself readily available to assist Defendants in filing timely and accurate responses.

19) Denial of the above requests would have been truthful and appropriate.

20) Denial of the above requests was strategically essential to avoid conceding issues which should not be conceded and to properly explain and define the parties' marital and separate property to Plaintiff counsel in the divorce and to the judge who would make the ultimate property decisions.

21) Attorney Defendant FLANERY assumed the responsibility for responding to the above Requests.

22) Attorney Defendant FLANERY did not seek an extension or otherwise respond to the Requests in a timely manner.

THOMPSON O'NEIL
A PROFESSIONAL CORPORATION
LAW OFFICES
309 E. FRONT STREET
TRAVERSE CITY, MI 49684
TELEPHONE: (231) 929-9700
FACSIMILE: (231) 929-7262

23) As attorney Defendant FLANERY later explained to the Court, she did not recognize that answers were due, that the subject Court Rule was self-executing, that the subject Requests would be deemed admitted by her failure to respond, or that appropriate answers to the requested admissions would be precluded by Defendant SAMUELS' failure to Answer the Requests on Conway's behalf.

24) The Court did, indeed, deem the subject Requests admitted by Plaintiff CONWAY and the judge presiding over the divorce refused to set aside the deemed admissions when the instant Defendants FLANERY and SAMUELS attempted to set the admissions aside.

25) The Court expressly found that Defendants FLANERY and SAMUELS failed to establish good cause or excusable neglect with respect to the attorneys' failure to timely respond to the subject Requests to Admit.

### PROFESSIONAL NEGLIGENCE OF STACEY FLANERY
### AS AN AGENT OR EMPLOYEE OF SAMUELS LAW OFFICES, PLLC

26) The above facts alleged in paragraphs 1 through 25 are incorporated herein, as though repeated herein in full.

THOMPSON O'NEIL
A PROFESSIONAL CORPORATION
LAW OFFICES
309 E. FRONT STREET
TRAVERSE CITY, MI 49684
TELEPHONE: (231) 929-9700
FACSIMILE: (231) 929-7262

27) The standard of care applicable to an attorney of ordinary learning, skill and judgment practicing law in any Michigan Court, particularly an attorney advertising and claiming specialized expertise in litigation or divorce or family law, required that she do all of the following:

a) Establish a working familiarity with the Michigan Court Rules.

b) Recognize that Requests for Admission require a timely answer or request for extension.

c) Recognize that Requests for Admission are self-executing under the Michigan Court Rules and that failing to timely respond to such requests results in the deemed admission of facts, law or mixed questions of fact and law not addressed in a timely manner.

d) Seek an extension of time to respond, before the expiration of the 28–day deadline in MCR 2.312, in the event that she felt any uncertainty about the need for and appropriate content of answers to Requests for Admission.

e) Properly calendar all discovery deadlines, particularly including Requests for Admission, so that timely answers could be effected.

f) Carefully and thoughtfully respond to all discovery regarding the marital estate and marital property, so as to preserve to the client that separate property which is not marital property, and to preserve the credibility of her client.

g) Carefully and thoughtfully document the client's separate and marital property so as not to concede ownership of property that was properly subject to dispute.

THOMPSON O'NEIL
A PROFESSIONAL CORPORATION
LAW OFFICES
309 E. FRONT STREET
TRAVERSE CITY, MI 49684
TELEPHONE: (231) 929-9700
FACSIMILE: (231) 929-7262

h) Carefully and thoughtfully document all property issues and respond to all discovery so as to avoid unnecessary legal expense in order to avoid dissipating the client's bargaining strength in settlement negotiations, and to avoid creating ill will with the Court through the appearance of obstructive behavior.

28) Defendants FLANERY and SAMUELS violated the standard of care, as described in paragraph 27, above, in each of the following ways:

a) In failing to properly calendar and respond to the above Requests for Admission.

b) In failing to recognize that failure to timely respond would result in the deemed admission of the facts, law and mixed law and fact contained in the subject Requests.

c) In failing to seek an extension of the time to Respond to the above Requests prior to the expiration of the 28 day deadline incorporated into MCR 2.312, if Defendants deemed themselves incapable of formulating an accurate response.

d) In failing to fully and completely understand the status of the client's marital estate and separate property so that Defendants could recognize the importance of filing timely, thoughtful and appropriate answers to the subject Requests.

e) In failing to preserve the client's bargaining position during the pendency of the divorce by timely and thoughtfully responding to discovery, and in particular by explaining why the subject Requests for Admission must be denied while provided the adversary and the Court with accurate information.

THOMPSON O'NEIL
A PROFESSIONAL CORPORATION
LAW OFFICES
309 E. FRONT STREET
TRAVERSE CITY, MI 49684
TELEPHONE: (231) 929-9700
FACSIMILE: (231) 929-7262

8

29) As a result of the above described professional negligence or violation of the standard of care by Defendants, Plaintiff CONWAY suffered all of the following injuries and damages:

   a) Added legal expense incurred by his attorneys in an attempt to remedy their error in failing to timely and fully respond to discovery, particularly including Answers to the subject Requests for Admission.

   b) Added legal expense incurred by his attorneys in attempting to address deemed concessions or admissions relating to the marital estate and separate property that improperly resulted from Defendants' error.

   c) Diminished bargaining strength with the underlying Plaintiff and diminished credibility with the Court resulting from apparently obstructive discovery behavior and the several admissions pursuant to MCR 2.312 caused by Defendants' professional negligence.

   d) False enhancement of the marital property available to Plaintiff CONWAY'S ex-wife, resulting from the deemed admissions relating to the value and marital nature of the separate property described in the subject Requests for Admission.

30) As a direct consequence of Defendants' professional negligence in managing the discovery phase of proceedings and in failing to timely respond to the above Requests to Admit, Plaintiff CONWAY ultimately incurred unnecessary additional legal expenses and was unable to secure a divorce settlement as advantageous to him as that which he would have, and should have, achieved with proper representation and appropriate and accurate discovery.

THOMPSON O'NEIL
A PROFESSIONAL CORPORATION
LAW OFFICES
309 E. FRONT STREET
TRAVERSE CITY, MI 49684
TELEPHONE: (231) 929-9700
FACSIMILE: (231) 929-7262

31) The above expenses and financial losses suffered by Plaintiff CONWAY were foreseeable, avoidable, and the direct consequence of the professional negligence of Defendants which substantially diminished Plaintiff's bargaining and settlement position and significantly increased his expenses associated with the conclusion of the divorce proceedings.

32) The unnecessary expenses and damages suffered by Plaintiff CONWAY would have been avoided if Defendants had met the standard of care applicable to a reasonably competent attorney practicing family and divorce law, complied with the clear direction of the Michigan Court Rules, and exercised due care for the interests of their client.

WHEREFORE, Plaintiff CONWAY requests that this Court enter Judgment in favor of Plaintiff and against Defendants in whatever amount the jury may deem just and equitable under all the circumstances, including costs, interest and attorneys' fees as allowed.

THOMPSON O'NEIL, P.C.

Dated: January 31, 2014

_____
George R. Thompson (P29289)

**JURY DEMAND**

Plaintiff, JAMES JOSEPH CONWAY, JR. by his counsel, hereby demands a trial by jury in this matter.

THOMPSON O'NEIL, P.C.

Dated: January 31, 2014

_____
George R. Thompson (P29289)

THOMPSON O'NEIL
A PROFESSIONAL CORPORATION
LAW OFFICES
309 E. FRONT STREET
TRAVERSE CITY, MI 49684
TELEPHONE: (231) 929-9700
FACSIMILE: (231) 929-7262